IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CRIMINAL ACTION NO. 06-00040-KD |
| JASON HARDY HUNT, | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the court on defendant's post-verdict Rule 29 motion as to count two (Doc. 47), the Government's response in opposition (Doc. 49), defendant's amended post-verdict Rule 29 motion and alternatively, motion for new trial as to count two and exhibit (Docs. 50, 51) and the Government's response in opposition (Doc. 53).  After reviewing the evidence presented at trial in light of the applicable legal standards, the court finds that the evidence was sufficient to support the jury's verdict.  Accordingly, defendant's post-verdict Rule 29 motion as to count two and amended post-verdict Rule 29 motion (Docs. 47, 50) are denied; defendant's alternative motion for a new trial (Doc. 50) is denied; and defendant's request for an evidentiary hearing is denied. (Doc. 50).

Post-Verdict Rule 29 motion and amended post-verdict Rule 29 motion:

To address defendant's post-verdict Rule 29 motion and amended post-verdict Rule 29 motion, this court must "review the sufficiency of the evidence . . . in the light most favorable to the government" and draw "all reasonable inferences in favor of the jury' verdict. United States v. Gatlin, 2006 WL 2567587, *2 (11th Cir. 2006) (unreported opinion) citing United States v.

Castro, 89 F.3d 1443, 1450 (11th Cir.1996).  "A jury's verdict must be sustained against such a challenge if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Alaboud, 347 F.3d 1293, 1296 (11th Cir.2003) (internal quotations and citation omitted).

Defendant argues that the evidence at trial was insufficient from which a rational juror could infer that he made the false statement with the requisite criminal intent to impede, obstruct, or influence an FBI investigation.  Defendant argues that the evidence produced -  that he made the false statement, that he was taught federal civil rights law at the Southwest Alabama Police Academy, and that he correctly answered a test question concerning the conspiracy excessive force statute -  is not sufficient direct or circumstantial evidence to prove a basic evidentiary fact from which a rational juror permissibly could infer that his intent was to impede, obstruct, or influence the FBI investigation.  Thus, no rational trier of fact could have found the essential element of intent beyond a reasonable doubt. (Doc. 47, 50).

The Government responds that sufficient evidence was presented from which the jury could reasonably infer defendant's intent.  Specifically, the Government points to the testimony that defendant attended the police academy and was instructed that excessive force complaints could be investigated by the FBI, defendant's correct answer on his exam concerning this issue, his testimony that he knew excessive force was a matter that can be investigated by the FBI and the fact that defendant admittedly made a false statement on the offense report concerning the use of force.  (Doc. 49).

The defendant's intent was clearly an essential element of the offense to be proven at trial.  However, despite defendant's argument that the jury engaged in speculation and made an

2

improper inference from insufficient evidence by finding that he intended to impede, obstruct or influence an FBI investigation when he made his false statement, the court determines that a reasonable fact-finder could have found that the evidence presented was sufficient to support an inference of the requisite intent and establish defendant's guilt beyond a reasonable doubt.  The Government presented evidence at trial that prior to making the false statement, defendant had attended the Police Academy where he was instructed on federal civil rights law which included instruction that the use of excessive force by a police officer could result in an investigation by the FBI and possibly prosecution of the officer.  There was also evidence of defendant's police academy exam results and defendant's testimony on cross-examination to the effect that he knew excessive force was a matter which can be investigated by the FBI.  These facts coupled with the defendant admittedly making a false statement in the offense report concerning the use of force could reasonably support the jury's verdict.  In sum, viewing the sufficiency of the evidence in the light most favorable to the Government and drawing all reasonable inferences therefrom in favor of the jury's verdict, the court finds that there was sufficient evidence on this element of the offense to support the jury's verdict.

Alternative motion for new trial as to Count Two:

     Defendant argues that newly discovered evidence exists which indicates that the jury deliberated this case in violation of the court's specific instruction not to consider his possible punishment in their deliberation.  Specifically, the defendant cites to a letter written by one of the jurors and printed in the Mobile Press Register shortly after the trial, wherein the juror wrote in part, that "[h]ad the jury known the severity of the punishment the false statement carried, no

compromise would have been considered.  Officer Hunt faces almost two years in prison because we jurors made a compromise, assuming that we were giving the officer a slap on the wrist for a minor offense."  (Docs. 50, 51).

Defendant argues that an evidentiary hearing should be held to determine whether the jury improperly considered impermissible "extrajudicial prejudicial information" regarding his potential punishment.  Relying upon Rule 606 of the Federal Rules of Evidence, defendant recognizes that he may not inquire into the mental operations of the jury but that a hearing should be held to determine whether the jurors improperly received any "extraneous prejudicial information" about the potential punishment and sentencing.  Defendant points out that Local Rule 47.2 prohibits counsel from contacting any juror and counsel may only acquire this information with Court permission.  Defendant argues that if, after an evidentiary hearing, the evidence demonstrates that "extraneous prejudicial information" was considered, then a new trial would be mandated.  (Doc. 50)

The Government responds that defendant's motion should be denied because the juror's letter makes it clear that the jury did not have information about potential punishment during their deliberations.  In support, the Government points out that the letter states "[h]ad the jury known the severity of the punishment the false statement carried, no compromise would have been considered" and also points to the juror's statement that he was shocked to learn the punishment when he read the newspaper article which was published the day after the verdict.  The Government asserts that although the jury may have speculated as to the potential punishment, there is no indication that they had actual information about the sentencing range.  (Doc. 53).

4

"[T]here are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence, which must be filed within three years of the verdict pursuant to Rule 33(b)(1); and the other based on any other reason, typically the interest of justice, which must be filed within seven days of the verdict, pursuant to Rule 33(b)(2)." United States v. Campa, 2006 WL 2277898, *18 (11th Cir. 2006). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." Id. (footnote omitted). "When a defendant discovers new evidence after trial that was unknown to the government at the time of trial, a new trial is warranted only if: '(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result.'" United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (citations omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. (citations omitted). Also, "[n]ewly discovered evidence need not relate directly to the issue of guilt or innocence to justify a new trial, 'but may be probative of another issue of law.'" Id. (footnote omitted) ("For instance, the existence of a Brady violation, as well as questions regarding the fairness or impartiality of a jury, may be grounds for a new trial.").

The court is further guided by the requirements of Rule 606(b) of the Federal Rules of Evidence which states that

> (b) Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent

>to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

Fed. R. Civ. P. 606(b).

The court has considered the arguments presented and finds that defendant's motion for a new trial is without sufficient basis. Although Rule 606(b) allows inquiry regarding whether extraneous information was considered, the Rule specifically precludes inquiry into "any matter or statement occurring during the course of the jury's deliberation or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith". The letter stated in pertinent part:

>During deliberation, the majority of jurors wanted to acquit on all three counts but reached a compromise decision with the three hold-out jurors, finding Mr. Hunt guilty of one count of making a false statement. We believed that this was a minor offense that should carry no prison time.
>
>I was shocked to read in the Press-Register that Mr. Hunt facts 15 to 21 months of prison time on the false statement charge. Had the jury known the severity of the punishment the false statement carried, no compromise would have been considered.
>
>Officer Hunt faces almost two years in prison because we jurors made a compromise, assuming that we were giving the officer a slap on the wrist for a minor offense.

(Doc. 51).

The letter memorializing this aspect of their deliberations is akin to testimony "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of

6

anything upon that [juror's] or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith". Fed.R.Evid. 606(b); see United States v. Spurlock, 811 F.2d 1461, 1462 (11th Cir. 1987) (affirming the District Court's decision that under Fed.R.Evid. 606(b), consideration of whether a juror was "'subjected to outside pressures to change his vote from not guilty to guilty because of fear of losing his job;" and whether "the jurors considered extraneous evidence", . . . "would require an improper inquiry into the jurors' mental processes, and such consideration is precluded as a "statement occurring during the course of the jury's deliberation.")   Additionally, the letter falls within the preclusion of the last sentence of Rule 606(b) - "Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes."

     Defendant argues that the letter shows that sentencing was improperly considered by the jurors despite the court's instruction.  However, the jury's improper consideration is not sufficient for this court to grant a motion for a new trial without a showing that extraneous information regarding the sentencing was brought in to the jury.  United States v. Brito, 136 F.3d 397, 414 (5th Cir. 1998) (Upon considering an affidavit alleging that the jury had "improperly discussed extraneous general information concerning sentencing and the defendants' rights of appeal, contrary to the court's specific instructions that they were not to consider punishment", the court found that "[s]ince there is nothing to suggest this information was brought to the jury's attention by an outside source, the court did not abuse its discretion in denying the Motions for New Trial"); see also United States v. Venske, 296 F.3d 1284, 1290 (11th Cir. 2002) ("With respect to the Porter Affidavit, all but two of the statements contained therein are excluded by

Fed.R.Evid. 606(b) because they involve the jury's deliberative process and the mental impressions of juror Hart."). The letter indicates that punishment was considered by the jury in reaching their decision, but only to the extent that they assumed that defendant would be punished if he was convicted. The jury's erroneous conclusion that the defendant would receive a "slap on the wrist" for a conviction of count two obviously shows that they had no knowledge of defendant's punishment as specified pursuant to the statute or as indicated under applicable sentencing guidelines. There is simply no logical basis to infer from the letter that the jurors considered extraneous information.

Accordingly, the court finds that the jury's deliberation and their subjective impression of the sentence as reflected in the letter falls within the prohibited inquiry of Rule 606(b). Moreover, there is no evidence that information regarding sentencing was brought to the jury by an extraneous source. Therefore, the motion for new trial is denied.

Request for an evidentiary hearing

Defendant has moved this court for an evidentiary hearing on this issue. The Eleventh Circuit has held that a "defendant is not entitled to an evidentiary hearing for a motion for a new trial if 'the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule on the [evidence] without a hearing.'" United States v Spuza, 2006 WL 2448809, *3 (unreported opinion) quoting United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997); see also United States v. Hamilton, 559 F.2d 1370, 1373-74 (5th Cir.1977)[1] ("Where

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit entered prior to October 1, 1981.

evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession.").

Although defendant's motion involves a question of whether extraneous prejudicial evidence was considered by the jury, it does not involve the unique type of situation which would exist if evidence had been presented of actual jury tampering. The letter to the editor does not mention anything external to the jury's deliberation such as a reference to a news article or any research the jurors may have conducted outside of the jury room as to the possible punishment which would impact the integrity of the verdict. Also, as stated supra, it is not a reasonable inference from the letter that extraneous information was considered. Therefore, defendant's motion for an evidentiary hearing is denied. United States v. Venske, 296 F.3d at 1290 (citations omitted) ("recognizing that 'failure to hold a hearing constitutes an abuse of discretion only where there is evidence that the jury was subjected to influence by outside sources.' . . . "trial court is obligated to conduct evidentiary hearing only when defendant makes 'a colorable showing of extrinsic influence….'"); United States v. Prosperi, 201 F.3d 1335, 1340 (11th Cir. 2000) citing United States v. Watchmaker, 761 F.2d 1459, 1465 (11th Cir.1985) ("We repeatedly have recognized the breadth of the district court's discretion under Rule 606(b), and a 'failure to hold a hearing constitutes an abuse of discretion only when there is evidence that the jury was subjected to influence by outside sources.'").

Conclusion

Accordingly, it is **ORDERED** that defendant's motion for judgment of acquittal and

amended motion for judgment of acquittal (docs. 47, 50) are denied as to Count Two; defendant's alternative motion for a new trial (doc. 50) is denied; and defendant's request for an evidentiary hearing is denied (Doc. 50).

    **DONE** this the 18th day of September, 2006.

                                      **s / Kristi K. DuBose**
                                      **KRISTI K. DuBOSE**
                                      **UNITED STATES DISTRICT JUDGE**